FILED
CLERK
1:12 pm, Mar 19, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PATRICK DEJEAN,

                    Plaintiff,

          - against –

KATHLEEN G. GERBING,

                    Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 14-3080 (SJF)

**FEUERSTEIN, District Judge:**

**I.     INTRODUCTION**

On October 30, 2006, a judgment of conviction was entered against Petitioner Patrick DeJean ("Petitioner") in the Supreme Court of the State of New York, Nassau County (Berkowitz, J.). Following a jury trial, Petitioner was found guilty of one (1) count of manslaughter in the second degree (N.Y. Penal Law § 125.15(1)). Petitioner was sentenced to a maximum term of imprisonment of fifteen (15) years and a minimum term of no less than five (5) years. On May 12, 2014, Petitioner filed a Petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See generally* Petition ("Pet.") [Docket Entry ("DE") 1]. For the reasons set forth herein, the Petition is denied and the proceeding is dismissed.

**II.     BACKGROUND**

On September 24, 2005, Petitioner, while driving his motor vehicle at an excessive rate of speed, pursued twenty-four (24) year-old Igor Kruk ("Kruk"), while Kruk was riding his motorcycle. *See* Respondent's Affidavit in Opposition to Habeas Petition ("Resp. Aff.") ¶ 5; *see generally* Trial Transcript ("Tr.").[1] During this pursuit, Petitioner's vehicle closed in on Kruk's motorcycle and ultimately came into contact with the motorcycle's rear tire. Resp. Aff. ¶ 5; Tr. at 700-02. The impact caused Kruk's motorcycle to become lodged sideways (parallel) to the front of Petitioner's vehicle. Tr. at 700-02. Petitioner's vehicle then pushed Kruk's motorcycle into a parked vehicle which caused an explosion and resulted in Kruk being crushed between Petitioner's vehicle and the parked car. Tr. at 657-59; Resp. Aff. ¶ 5. Kruk suffered massive internal and external injuries due to blunt force impact caused from being crushed between the two vehicles. Tr. at 524, 639-44. The impact was fatal and ultimately ruled a homicide by the medical examiner. Tr. at 524, 644.

Petitioner was charged with two counts of murder in the second degree: one count of intentional murder (N.Y. Penal Law § 125.25(1)) and one count of depraved indifference murder (N.Y. Penal Law § 125.25(2)). Resp. Aff. ¶ 6. Prior to trial, the charge for depraved indifference murder was dismissed in accordance with New York Civil Procedure Law Section 210.20(1)(h). *Id.* ¶ 7. During the trial, the jury was instructed to consider murder in the second degree (intentional) (N.Y. Penal Law § 125.25(1)), manslaughter in the first degree (intentional) (N.Y. Penal Law § 125.20(1)) and manslaughter in the second degree (reckless) (N.Y. Penal Law

---

[1]     The facts, as set forth in the Trial Transcript and Respondent's Affidavit, are viewed and presented in the light most favorable to the prosecution. *See Herrera v. Collins*, 506 U.S. 390, 401, 113 S. Ct. 853, 861, 122 L. Ed. 2d 203 (1993); *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999).

§ 125.15(1)). *Id.* On October 30, 2006, Petitioner was found guilty of manslaughter in the second degree and acquitted of the other charges. *Id.*; Tr. at 936. Following his conviction, Petitioner was sentenced to a maximum term of imprisonment of fifteen (15) years and a minimum term of no less than five (5) years. Resp. Aff. ¶ 8; Sentencing Transcript at 12.

Petitioner filed a timely appeal of his conviction to the Supreme Court of the State of New York, Appellate Division, Second Department ("Appellate Division") in which he asserted that he was denied a fair trial upon the grounds that the trial court incorrectly: (1) denied Petitioner's request to introduce evidence of Kruk's prior traffic offenses; (2) allowed an expert witness to rely on hearsay statements in estimating the speed of Petitioner's vehicle; (3) admitted hearsay evidence; (4) permitted the introduction of a "plethora of gruesome photographs which served no purpose other than to inflame the jury in order to win a compromise verdict;" and (5) admitted testimony of Kruk's mother which, according to Petitioner, "only served to engender the sympathy of the jury." Resp. Aff. ¶ 9; Brief for Defendant-Appellant (Direct Appeal) at 3.

On October 14, 2008, the Appellate Division found that: (1) "the trial court did not improvidently exercise its discretion in limiting defense counsel's efforts to show the deceased's propensity for reckless driving;" (2) "[t]he trial court properly admitted into evidence photographs of the decedent's body at the crime scene" since such photos were "corroborative of the testimony of the prosecution witnesses and suggested that the defendant had the requisite intent when his car crashed into the decedent's motorcycle;" and (3) "defendant's remaining contention are without merit or do not require reversal." *People v. DeJean*, 55 A.D. 3d 866 (App. Div. 2008); *see* Resp. Aff. ¶ 10. Leave to appeal was denied by the New York Court of Appeals on the grounds that there was "no question of law presented which ought to be reviewed." *People v. DeJean*, 11 N.Y.3d 924 (2009); *see* Resp. Aff. ¶ 10.

On April 10, 2009, Petitioner filed an application for a writ of error coram nobis in which he asserted that he was denied the effective assistance of appellate counsel. Resp. Aff. ¶ 11. On September 22, 2009, the Appellate Division denied Petitioner's application on the ground that he "failed to establish that he was denied the effective assistance of appellate counsel." *People v. DeJean*, 65 A.D.3d 1259 (App. Div. 2009); *see* Resp. Aff. ¶ 11. Petitioner did not seek leave to appeal the Appellate Division's denial of his coram nobis application. Resp. Aff. ¶ 12.

On June 4, 2012, Petitioner, moving in a *pro se* capacity, filed a motion seeking to vacate his conviction in accordance with New York Criminal Procedure Law § 440.10 based upon the following grounds: (1) ineffective assistance of trial counsel; (2) actual innocence; (3) newly discovered evidence; and (4) misconduct by the prosecutor as well as the medical examiner. Resp. Aff. ¶ 13; *see generally* Petitioner's Notice of Motion to Vacate Judgment. The People opposed Petitioner's motion asserting that all of the alleged grounds for vacatur of the conviction were rmeritless. Resp. Aff. ¶ 13. Upon review, the County Court-State of New York (Berkowitz, J.) "summarily denied" Petitioner's motion on the grounds that "all of Defendant's claims [were] meritless on both the law and the facts." March 13, 2013 Decision and Order. Although Petitioner subsequently sought leave to appeal to the Appellate Division, his request was denied. April 8, 2014 Decision and Order.

On May 12, 2014, Petitioner filed the instant habeas corpus application. *See generally* Pet. Petitioner asserts that he is entitled to relief based upon the following grounds: (1) trial counsel was ineffective; (2) the charges brought against him were "inconsistent;" (3) that he was deprived of a fair trial due to prosecutorial misconduct; (4) "insufficient information" in a medical report admitted during the trial and that the trial court's evidentiary rulings were

4

erroneous; (5) that Petitioner was denied his right to testify; and (6) there was an "imbalance of state fund [*sic*]." Pet. at 6-14.

On September 21, 2015, after serving approximately eight (8) years of his fifteen (15)-year sentence, Petitioner was conditionally released on parole. *See* DOCCS Inmate Lookup, *available at* http://nysdoccslookup.doccs.ny.gov (Department Identification Number 07A2933). On March 21, 2017, Petitioner was discharged from parole supervision and is deemed to have completed his sentence as of that date. *See id.* (setting forth Petitioner's "Parole Board Discharge Date" as March 21, 2017 and defining "Parole Board Discharge Date" as the date that the "parolee has been discharged from parole supervision before the maximum expiration date[.] The parolee's sentence is deemed completed as of this date.").

### III.  DISCUSSION

"'No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997)); *see* U.S. Const. Art. III § 2. The Supreme Court has made clear that "[i]n our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90, 133 S. Ct. 721, 726, 184 L. Ed. 2d 553 (2013) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006)). "[A]n 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC*, 568 U.S. at 90-91, 133 S. Ct. at 726, 184 L. Ed. 2d 553 (quoting *Alvarez v. Smith*, 558 U.S. 87, 92, 130 S. Ct. 576, 175 L. Ed. 2d 447 (2009)). "A case becomes moot—and therefore no longer a

Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC*, 568 U.S. at 91, 133 S. Ct. at 726, 184 L. Ed. 2d 553; *see Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016) ("[M]ootness is not fixed at the time of filing but must be considered at every stage of the habeas proceeding.").

The Supreme Court has held that "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998). However, "[o]nce the convict's sentence has expired, [ ] some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7, 118 S. Ct. at 983, 140 L. Ed. 2d 43; *see Williams v. Schneiderman*, 05-cv-5289, 2017 WL 4797803, at *3 (E.D.N.Y. Oct. 23, 2017); *see also Soto v. S. Beach Psychiatric Ctr.*, No. 16-CV-820, 2017 WL 3841857, at *2 (E.D.N.Y. Sept. 1, 2017) ("After a petitioner has been released from state custody, the habeas petition is moot and a federal court lacks jurisdiction over the petition challenging the conviction or confinement unless the petitioner alleges that he or she suffers from concrete and continuing injuries beyond the now-completed confinement.").

In *Spencer*, the Supreme Court clarified that "[i]n recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)." *Spencer*, 523 U.S. at 8, 118 S. Ct. at 983, 140 L. Ed. 2d 43 (citing *Sibron v. New York*, 392 U.S.

40, 55–56, 88 S. Ct. 1889, 1898–99, 20 L. Ed. 2d 917 (1968)).  In *Nowakowski v. New York*, 835 F.3d 210 (2016), the Second recognized that although *Spencer* "marked the Supreme Court's most complete discussion of the presumption, the Court never explicitly identified the nature or operation of the presumption." *Nowakowski*, 835 F.3d at 224.  Following this observation, and in the absence of guiding precedent from the Supreme Court, the *Nowakowski* court held that "a petitioner seeking habeas review must identify some continuing collateral consequences that may flow from his criminal conviction—including those that, as discussed above, are merely hypothetical and speculative." *Id*. at 225.  Once a Petitioner satisfies this burden, "the state bears the burden to prove by sufficient evidence that there is 'no possibility' such consequences will attach to his conviction." *Id*.

Here, although Petitioner was incarcerated at the time he filed his habeas corpus application, he was subsequently released on parole on September 21, 2015.  *See supra* at 5.  Further, on March 21, 2017, Petitioner was discharged from parole supervision and his sentence expired as of that date.  *See id*.  In light of Plaintiff's release from custody and the completion of his imposed sentence, this Court "lacks jurisdiction over the petition challenging the conviction or confinement unless the petitioner alleges that he or she suffers from concrete and continuing injuries beyond the now-completed confinement." *Soto*, 2017 WL 3841857, at *2; *see Spencer*, 523 U.S. at 7, 118 S. Ct. at 983, 140 L. Ed. 2d 43; *Nowakowski*, 835 F.3d at 225.

Petitioner has not identified any "continuing collateral consequences that may flow from his criminal conviction," *Nowakowski*, 835 F.3d at 225, as is required under the analytical framework set forth in *Nowakowski*.  Having failed to do so, his Petition is deemed moot.  *See id*; *Best v. Barbarotta*, No. 12-CV-6218, 2016 WL 1588501, at *3 (E.D.N.Y. Apr. 19, 2016) ("A habeas petitioner generally has the burden of proving that subject matter jurisdiction exists.")

(citing *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002)); *see also Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (acknowledging that although "a district court must review a *pro se* petition for collateral relief with a lenient eye . . . [w]here, however, a petition fails even vaguely to suggest an essential element of a claim for relief, the district court is not required to overlook the deficiency.").

Notwithstanding the Court's mootness determination and mindful of the Petitioner's *pro se* status, as well as the fact that the guidance in *Nowakowski* concerning the operation of the presumption was not available at the time Petitioner filed his habeas corpus application, Petitioner's application shall be dismissed without prejudice. To the extent Petitioner seeks to continue litigating his application in this forum, he is directed to provide the Court with an affidavit which identifies discrete continuing collateral consequences flowing from the underlying criminal conviction. *See Nowakowski*, 835 F.3d at 225.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion for a writ of habeas corpus and dismisses the Petition, without prejudice, as moot. The Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253. In the event Petitioner seeks to revive his habeas corpus Petition, he is directed to provide the Court with an affidavit, which identifies discrete continuing collateral consequences flowing from the underlying criminal conviction. This affidavit is to be filed with the Clerk's Office not later than thirty (30) days from the date of this Memorandum and Order. <u>Petitioner is hereby placed on notice that if he fails to provide the affidavit within the allotted timeframe, his Petition will be dismissed with prejudice.</u> The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v.*

*United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962). The Clerk of Court is directed to close this case.

 Defendant's counsel is directed to serve a copy of this Memorandum and Order upon the *pro se* Petitioner forthwith by overnight mail and first class mail and to file proof of such service on ECF promptly.

                  **SO ORDERED.**

Dated: Central Islip, New York
    March 19, 2018

                  <u>/s/ Sandra J. Feuerstein</u>
                  SANDRA J. FEUERSTEIN
                  U.S. District Judge